## ZACHRY v. UNITED STATES.
### No. 6010.

Circuit Court of Appeals, Fifth Circuit.
Oct. 27, 1931.
Rehearing Denied Nov. 21, 1931.

Hamilton Phinizy and Henry C. Hammond, both of Augusta, Ga., for appellant.

Chas. L. Redding, U. S. Atty., of Savannah, Ga.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant Zachry was convicted on several counts of an indictment which charged him with possessing and operating distilleries for the illegal manufacture of distilled spirits. One of those counts charged him with carrying on the business of distilling with intent to defraud the United States of the tax on distilled spirits in Richmond county, Ga., "at a point on Amies Branch * ˑ * on land reputed to belong to one Asbury and one Connell," in violation of Rev. St. § 3281 (26 USCA § 306). One Moore testified for the government that, after a still in which Zachry was interested in McDuffie county had been destroyed, Zachry said it was his purpose to set up a still at a new location, and within a day or two one was located on Amies branch; that it was brought there by Adams and Walden, and operated at that location for seven or eight weeks. Walden testified that he got the still from Zachry's place under the latter's instructions and carried it to Amies branch where he helped to operate it, and was paid for his services by Zachry. The evidence was silent as to whether that still was located on the land of Asbury and Connell as charged in the indictment. At the close of the evidence a motion was made for a directed verdict, but no point was made on the failure of the government to prove the exact location.

There did not seem to be any doubt in the mind of appellant about the location of the still in question, and it was not affirmatively shown that there was a variance between the allegation and the proof in this particular. If objection had been made that the proof had failed in respect of location, it might easily have been met by the government. And so we think that the failure to prove the location as minutely as it was set out in the indictment became immaterial, and at least that it cannot be insisted on for the first time on appeal. We are of opinion therefore that the conviction on this count must be upheld. The sentence of imprisonment imposed was less than was authorized by the statute. The court also imposed "a total fine of $800," which is also less than could have been imposed. In the view we take of the count discussed above, it becomes unnecessary to consider the other counts upon which appellant was also convicted.

The judgment is affirmed.